Morning, Your Honors. J. David Sackman for the Plaintiff and Appellant. I'd like to reserve at least five minutes of my time for rebuttal. And first of all, I'd like to thank the Deputy for kindly accommodating my client with a chair she could sit in. That was very kind of her. This case here involves the application of the Due Process Clause in the Constitution. After all the other limits in the Constitution, all the other checks and balances, the Due Process Clause is the last defense, the last wall against arbitrary and abusive government power over its citizens. Once that wall fails, then all there is is either tyranny or revolution on the other side. So it is important how this Court ---- You're not trying to scare us, are you? I'm the one who's scared, frankly, these days. And I'm frankly scared. And that's why I think it's important that the interpretation of the Due Process Clause keeps that in mind, that this is the last barrier. And the issue presented in this particular case is the notice that is required of the government that the government needs to give to its citizens. Your client parked a car for more than 72 hours on a street in L.A. And apparently it's in violation of the 72-hour law. It says you can't do that. Doesn't the fact that the ticket was placed on the car two days before it was towed provide Ms. Sackman with some level of constructive, if not even actual, notice? No, well, first of all, it was not actual because it was not actually seen until after the vehicle was recovered. But it was actually on the windshield? When the vehicle was recovered, yes. What is important here is what kind of notice needs to be given of a time limit. If you're going to park in a public street and the sign says two-hour parking, can the city tow after one hour, even if it's a validly passed law that was published decades ago in the newspaper? So the question is what kind of notice must be given before someone parks? And this is specific to a time limit. It doesn't apply to things like registration, other violations of the law. A time limit is something that uniquely requires advance notice. This was in a residential area, wasn't it? Excuse me? Residential area. Yes, it was just a block from her residence. Yeah, but it was parked in a residential area. There were houses there, right? Other houses. Yes, it was parked in a residential area right a block from her own residence. That's not right. So can you park in your own neighborhood and trust the signs? Now, what we're not attacking here— You can't do it because there's this 72-hour rule. Well, we're not attacking the 72-hour rule. You're saying that in every block in a residential neighborhood, you have to have a big sign that says you will be towed after 72 hours? No, and we're not asking for signs where there are no signs. But where there is a sign that says a time limit, shouldn't the government be held to that? If the sign says two hours, can they tow after one hour? When we come here for oral argument, if the sign in Pasadena says eight-hour parking, but then they tow you after four hours or cite you after four hours? I don't understand. What are you saying? The sign said something different here? Yes. Clarify for me. Okay. The sign which is in the record, there's an actual picture of it in the excerpts of record, page 43. And it's a little complicated. You have to work through it. You almost have to be a lawyer to figure out the sign. But it first of all says no parking, 12 noon to 3 p.m., Thursday, street sweeping. That's when they clean the streets. Right. That's clear. And then it says no parking any time. And under it, District No. 171 permits accepted. The plaintiff had a District No. 171 permit. So according to this sign, with her permit, she could park any time except 12 noon to 3 on Thursday. But that goes back to Judge Schroeder's question. So do you think there should be a sign in addition to that one saying you can't park beyond 12 noon to 3? If they have another time limit, it should be on the existing sign. We're not asking for new signs. We're asking that the signs that do exist state what the actual time limit is and not mislead people. You have to have knowledge of the law. It's out there. Apparently this law has been around for decades, if not longer. Well, there may be other laws. I mean, in Pasadena, you can only park for 56 hours. In South Pasadena, you can park for 100 hours. I mean, maybe I'm making this up, but how would you know? In other places, you can't park overnight. And that is also a time limit, and that may be subject to the same rule here. The point is notice is it's not an inflexible rule that once you publish it, that's it. Everyone is on notice. And I think what Matthews, the part of Matthews v. Eldridge that no one seems to pay attention to, is before it gets to the factors that everyone's talking about that aren't relevant here, the court said it's a truism that due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place, and circumstance. Due process is flexible and calls for procedural protections as the particular situation demands. It requires analysis of the government and private interest affected. And so here the issue is what kind of notice. And, again, in Locke, the case that the city cites for their proposition that they just have to publish the law and everyone can be bound to it, Locke itself distinguishes cases where an individual notice must be given because a statute is sufficiently unusual in character and triggered in circumstances so commonplace. Let me ask you this. The people who live in that section where the car was parked, did those folks, they know it was a car? Did they recognize that car?  That's a good question. And that's why we say this kind of statute, or the way it's enforced, rather, it encourages arbitrary and discriminatory action because it's only by complaint. So if someone doesn't like the plaintiff for some reason, they can use this to get at them. We can't know because it's anonymous. It's just speculation. I don't know about that. But you park a car across the street, away from your house, assuming the folks whose homes are right by where the car was parked, it sits there. They wonder whose car is it. And they worry. And so someone calls the city. Then the city has people who come around and traffic officer, check it. It's a stolen car. Mark the tire. They come back. 72 hours. If it's still there. Well, is that, that makes an irrebuttable presumption that a car in the same place for 72 hours, otherwise legally parked, is abandoned. And that in itself is a violation of due process because it gives no opportunity to counter that, that the car is not abandoned. And if we're allowed to go back to the district court. Well, you could put a sign on the car. This car belongs to us. We're down the block. We'll be back in three days. Do that. That would not necessarily stop them. And under this law, once it's marked. And what we alleged here was that someone flagged down a parking officer immediately after she parked it. And they marked it. And 72 hours later, they came back. Maybe they did know that we lived in the neighborhood. Maybe not. But they still towed it. And under this law, under this enforcement scheme, they will continue to do that. So I'd like to reserve the rest of my time now, if I may. All right. That's fine. Thank you. Good morning. May it please the Court. My name is Sean Davie Jacobs, Deputy City Attorney for the defendants, City of Los Angeles at Police. I think this case, the court should affirm the district court's decision. The city provided all the due process that is required. Numerous Ninth Circuit cases have held that due process. The notice, the ticket itself is the due process that is required. And to go to Mr. Sackman's point about, well, there should be a sign, if the court looks at the statute that enacts this law, it does not require signage for the 72-hour notice. So in Vehicle Code Section 22651, Vehicle Code Section 22651K, subdivision K, which is the 72-hour, which authorizes a locality to enact the 72-hour rule, it specifically states that when a vehicle is parked or left standing upon a highway for 72 or more consecutive hours in violation of a local ordinance authorizing removal, that that is when an officer may come and report. Highway? Does that mean residential street? I think highway in the Vehicle Code is just used as a street, highway. But, I mean, Mr. Sackman argues that the publication of the 72-hour, you know, rule is not enough, especially when there's a sign that specifically addresses parking that doesn't state the limit is 72 hours. That's a fair point, isn't it? Well, I think there is no requirement. Because in all of the cases where there is a 72-hour limit, none of them, in none of those cases, where there are signs that said there is a 72-hour limit. And in some of them, in the one in Riley v. City of San Francisco, there was, I believe it was a parking ordinance, a residential preferential parking permit, and the court said there didn't have to be a 72-hour sign, a sign that said 72 hours, that the notice on the car before it is towed is sufficient, which is what happened here. They parked the car on September 12th. The car was ticketed on September 15th. But it wasn't towed until September 17th. But if the court just looks at the other sections of 22651, for example, Subdivision L talks about if a car is illegally parked in violation of a local ordinance and it's necessary for the city to go in to do cleaning or repair or construction of the street, that there have to be signs giving notice at least 24 hours prior to the removal, prior to the towing. Similarly, Subdivision M also talks about if there is the use of a highway. Well, how would the average person find out about the 72-hour rule? Well, ignorance of the law is no excuse. This law has been around at least since 2006. When Lone Star was decided, which is the case that the district court relied heavily on, there was a slightly different version of the local ordinance, and then that got amended. The city amended the ordinance to comply with what 22651 states. Well, but, I mean, it seems like the court and Lone Star, you know, identified that Lone Star's interest was lesser because it was a company. And here we don't have a company involved. We have someone who uses the transport system here. And doesn't that make, I mean, it uses a car and parks it. Doesn't that make this different from Lone Star? Well, it does in the sense that one's a commercial interest versus a personal vehicle. But, again, ignorance of the law is no excuse. There are other cases that are cited, for example, in the Clement versus City of Glendale, they talked about how there was no, she had the registration, where she was parking in the parking lot in the hotel for seven years, and they didn't give her notice. So they just towed the car immediately, and the court said, well, there's got to be notice, but a notice would be sufficient if you just left a ticket on the windshield, which is what happened here. But the court in Lone Star specifically, I guess, identified that unlike when an individual suffers from some anxiety and discovers that their car is not there, the court in Lone Star concluded that Lone Star is a company and doesn't suffer from anxiety, but that seems distinguishable here. So if you're going to rely on Lone Star. Well, Lone Star also said there's no procedural due process claim, regardless of the validity of the law, because the mere publication of the law does provide notice. So this law was published. It's been around for many years. So that is sufficient notice. People are presumed to know of the laws, and because the other statutes within the vehicle code section, for example, when the other statutes relating to when localities create their own parking restrictions and things like that, all of those other ones say, and the city or the locality has to provide notice. Subdivision K does not say you don't have to provide notice. So this plain language of the statute does not require a sign. So, for example, Section 22651 Subdivision N, which is what the appellant cited in his brief, he relies on that to say there should be a sign, but that's talking about where there's no parking restriction at all. So in that case, it's whenever a vehicle is parked or left standing where local authorities by resolution or ordinance have prohibited parking and have authorized the removal of vehicles, then there needs to be a sign. So that's a no parking zone. He also cites to another example is Subdivision Q of 22651, which says where a car is parked in a common interest development, where it would be like a private road, for example, and there's a 24-hour limit, that has to have a sign as well. And finally, the plaintiff also cites in his opening brief Section 22507A to claim that a sign should be required, and that's relating to preferential parking permits, which there are in his neighborhood, or the heights of vehicles like trailers or RVs or things like that. And then it says you have to have a sign. But since the 72 hours clearly doesn't have a clause saying there must be a sign, a sign is not required and people are presumed to block. Am I correct that 72 hours applies everywhere where there isn't something else? Correct. So it's a default. It applies citywide regardless of whether it's residential or commercial. So to require the city to post a sign in certain places, I mean it would just be very burdensome for the city to do that. And even the other vehicle code sections cited by plaintiff regarding various local ordinances, those specifically require a sign, for example, 22507.6. If there's a local ordinance for street sweeping, signs must be posted. What does the California Vehicle Code say about that?  I'm sorry, California Vehicle Code? About that 72 hours. That's what I've been saying. All it says is if the court looks at 22651 subdivision K. Of the vehicle code? Yes. It just says a car may be removed if a locality has a 72-hour limit. And that's throughout the state. Right. So that's right. The California Vehicle Code is a statewide law. Multiple localities have enacted a 72-hour law. So people are presumed to know what the law is. Well, when you go to take your exam to get a driver's license, is a question like that part of the exam or not all the exams are the same? I don't know the answer to that, Your Honor. I haven't looked at the driver's test in a long time. I think we get your argument. Do you have anything else? Well, I have a confession to make. I got one of those tickets right in front of my house. I had an old car. I wish I still had it, I think. 64 Chevy Coupe. But these traffic people, they drive in the neighborhoods. I saw the mark on the car, and I wondered what it was. I saw one of the traffic people putting another car down a few blocks away. So I learned what that was all about. The car was getting to be a little eyesore. She may have called. But anyway, I got a good price for it. So, you know, know your frustration. But it's not a good idea to leave cars parked on the streets. Everyone on my street who bought that car because I lived on a cul-de-sac. Well, people today see a car out there. They don't know who left that car. They feel a little uneasy. The car is just sitting there. Anyway, you're supposed to know what the law is, right? Did I tell you that in law school? You have to answer it if you don't want to. I'm talking to you. So, anyway. You don't need to make a huge case out of every traffic ticket. You better do a little more research yourself. Yes, sir. I mean, how can you come in here and not know more about this subject? Well, I only got the case two weeks ago. I was only assigned this case two weeks ago. Two weeks ago? Well, that's more than 72 hours, isn't it? That's true. I think both counsel did very well. All right, thank you. Thank you, Your Honor. We'll hear from the rebuttal from Mr. Sacklin. You're coming back again, huh? Thank you. First of all, counsel is incorrect about the vehicle code, section 22651K. It does, in fact, require signs, and that's in 22651N. We did brief this in our brief, so I won't go into the detail. And we also argued it to the state court, and the state court agreed with us, and as we argue in our brief, that should be the law of the case. And, in fact, one example of that is after the Lone Star decision of this court, the statute was changed to make an exception to the posting requirement for advertising, which is what Lone Star was about, where they were posting, they were leaving their trailers with advertising. So that is further proof that under state law that is required. And it also makes sense. I know Clement and Schofield and Lone Star are cited for the proposition that just leaving a ticket is okay, but that's not actually what those cases said. And Clement, the court just noted that we do not prescribe a particular procedure. What has to be done is to look at what notice is required under the circumstances that serves the government interest. So if we're talking about a time limit, that is something people need to know before they park the car, whatever it is. And it could vary whether it's citywide or it's in a particular block. It could be different in one city from another. So how do we know that we can only park for 56 hours in Pasadena? And, yes, I was taught in law school how to find the law, but is that what we're going to require of our citizens, that before they park, they sit in the traffic and look up the municipal code of the city they're in to see if there's anything that's not posted that they should be aware of? In fact, in response to the question about is this on the driver's exam, yes, it is. And we put that in our brief that these are among the things, it may not be on every test, but these are among the things that anyone applying for a driver's license is expected to be tested on. And that's the standard for what a reasonable person should know, what kind of notice should be given is what a reasonable person should know of the state law, since they're required to know that in order to get a driver's license, and at least as to time limits, what is actually posted. It is not reasonable to expect citizens to know that there is a 72-hour limit in Los Angeles, a 56-hour limit in Pasadena, a 22-hour limit in Santa Monica. I mean, I can make a living, I guess, going around advising people in each city and look it up, have an app for that, but that's not due process. And that's what we're trying to stop is abusive actions by the government. And the fact that it is in the neighborhood does make a difference, that it is someone could be complaining because they don't like you. In some neighborhoods, no one gets those tickets because no one complains. And so there's a fear of someone unknown coming to the neighborhood. Now, that harks back to the days of restrictive covenants. We don't want those people in our neighborhood, and that scares me. That's one of the things that scares me, and I want to make sure that that cannot happen anymore. Thank you. Thank you. The case of Jerilyn Crute-Sackman v. City of Los Angeles and Greg Civelli is submitted. Thank you both for your arguments.
judges: Schroeder, Pregerson, Murguia